Halloran *v.* The New York and Harlem Railroad Company.

---

FRANCIS HALLORAN *v.* THE NEW YORK AND HARLEM RAIL ROAD COMPANY.

A person who voluntarily suffers his horse to go at large upon the public streets and stray upon the railroad, cannot recover for injuries to the horse, happening through the negligence of a railroad company.

The negligence of both parties in such case, having contributed to the injury, there can be no recovery.

*It seems,* that the provision of the general railroad law, requiring companies to maintain cattle guards at road crossings, does not require the railroad company to erect such obstructions along the avenue upon which their rails are laid at its intersections with the opened public streets in any part of the city of New York.

THE plaintiff brought his action in the Marine Court, to recover the value of a horse killed by the defendants' cars, at the junction of 116th-street and the Fourth Avenue, (Harlem,) within the corporate limits of the city of New York. The cause was tried by a jury, who found a verdict for the plaintiff. The defendants appealed, relying mainly upon the refusal of the justice in the court below to charge the jury, first, that the provision of the general railroad act in relation to cattle guards does not apply to the lamp and police district in the city of New York; and secondly, that the plaintiff was guilty of negligence in permitting the horse to go at large at the place of the accident.

*Charles W. Sandford,* for the appellants.

Halloran v. The New York and Harlem Railroad Company.

*C. W. Vanvoorhis*, for the respondent.

By THE COURT. WOODRUFF J.—It is by no means clear that the law requiring railroad companies to construct and maintain cattle guards at all road crossings, has any application to this case. That law was passed long after the charter of the defendants was granted, and is, by § 46 of laws of 1848, (chap. 140,) and § 44 of laws of 1850, (chap. 140,) made applicable to existing corporations, so far as is not inconsistent with the provisions of their charter. The privilege which the defendants have of using the Fourth Avenue and other streets within the limits of this city, certainly involves *some* qualification of the terms of the section referred to. For the construction of such cattle guards as the act requires, at all road crossings in the city, would render the Fourth Avenue, the Bowery, Centre-street, &c., impassable. This would so far conflict with other rights and interests which demand the use of those streets free from such obstructions, that if the law had expressly mentioned them, it must have been, I think, deemed void. I think it has no application to these streets, so far at least as they are in actual use as public highways.

But without expressing any opinion in respect to the application of the law to the place where the horse in question was killed, I think the judgment should be reversed upon another ground.

I fully concur with the conclusions to which the Supreme Court arrived in *Marsh* v. *The New York and Erie Railroad Company*, 14 Barb. 364, that the railroad company are not responsible for injuries done by their cars to cattle who are carelessly and negligently suffered by their owners to go at large and stray upon their road. The law requiring the construction of cattle guards was not made to encourage the negligence of the owners of cattle, or indemnify them against its probable consequences.

I think, therefore, that the judge of the court below ought to have charged the jury in this respect as requested by the defendants' counsel, if he did not go further and charge, as

he might have done, that the defendants were entitled to a verdict.

The judgment must, I think, be reversed.

Judgment reversed.